### 9081. ALCORN *v,* THE STATE.

1. Although it is improper for the State's counsel to comment upon the failure of the defendant to put his character in evidence, the instruc- tion of the court to the jury in this case, that "he would have no right to argue the defendant's character, or against the defendant that he did not put his character in evidence," and that the jury should not consider that fact, was sufficient to cure such error.
2. The evidence supports the verdict, the venue of the crime was suffi- ciently shown by the evidence, and the court did not err in overruling the motion for new trial.

DECIDED OCTOBER 31, 1917.

Indictment for larceny; from Dodge superior court—Judge Lit- tlejohn presiding. June 27, 1917.

*John R. Cooper,* for plaintiff in error.

*W. A. Wooten, solicitor-general,* contra.

HARWELL, J. Will Alcorn was indicted jointly with one Gilbert and one Darsey for the larceny of a Jersey bull, the property of one Vareen, and was found guilty. The main contention of the defendant in his motion for a new trial was that the venue of the larceny was not proved in Dodge county. The evidence as to venue was circumstantial, and is substantially as follows: The prosecutor missed this bull some time in July. The bull had never been known to range outside of Dodge county, but had always ranged on certain lands within that county. On the night of July 3, at about eight o'clock, the witness Daniels saw this bull being driven along the road past his home in Chester, in Dodge county, by two men, whom he did not recognize. These two men got over

a fence and hid as some one passed them on the road, then came out of hiding, and, with the bull in their possession, proceeded on down the road in the direction of Dublin, Ga. On the following day Alcorn, together with his two codefendants, carried this bull to one Currie on a farm near Dublin, in Laurens county, and sold the bull to Currie for about $16, the defendant telling Currie at the time that he had brought the bull from Chester, Dodge county. About a week later the prosecutor came to this farm, identified the bull as his property, and was given possession of it. The bull owned by the prosecutor was positively identified as the same one seen driven along the road at night, and the one bought from the defendant by Currie on the following day. We think this evidence sufficient to authorize the finding that the defendant stole the bull in Dodge county, carried it to Laurens county, and sold it there. Hence, the venue was properly laid in either Dodge or Laurens county.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*